JD Zink, SBN 58726
**Zink & Lenzi**
250 Vallombrosa Avenue, Suite 175
Chico, CA 95926
Telephone: (530) 895-1234
Facsimile: (530) 895-1254

Attorneys for Plaintiff

United States District Court

Eastern District of California

| | |
|---|---|
| Klacey Worthington, | Case No. |
| Plaintiff, | |
| vs. | **Plaintiff's Complaint and Request for Jury Trial** |
| Shadowbrook Post Acute LLC, a California limited-liability company; Sharon Jennings Survivor's Trust UDT dated October 9, 1992; and Nonexempt QTIP Trust created under the Bryan C. and Sharon Jennings Revocable Living Trust dated October 9, 1992, | |
| Defendants. | |

## Summary

1.   This is a civil rights action by plaintiff Klacey Worthington ("Worthington" or "plaintiff") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as the Feather River Care Center, located at 1 Gilmore Lane, Oroville, California 95965 (hereafter "the Care Center").  Worthington seeks relief pursuant to Title III of the Americans with Disabilities Act of 1990 ("ADA"), Section 504 of the Rehabilitation Act ("Rehab Act"), and related California statutes against defendants Shadowbrook Post Acute LLC, a California limited-liability company ("Shadowbrook"); Sharon Jennings Survivor's Trust UDT dated October 9, 1992; and Nonexempt QTIP Trust created under the Bryan C. and Sharon Jennings Revocable Living Trust dated October 9, 1992 (jointly, "the Jennings Trusts").

## Jurisdiction

2.   This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA and Rehab Act claims.

3.   Supplemental jurisdiction for claims brought under parallel California law – arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

4.   Worthington's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## Venue

5.   All actions complained of herein take place within the jurisdiction of the United States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

**Parties**

6.    Shadowbrook and the Jennings Trusts (collectively, "the defendants") own, operate, and/or lease the Care Center; and consist of a person (or persons), firm, and/or corporation.

7.    At the time of the incident, Worthington was 54-year-old nurse "riddled with arthritis," who had just had one knee-replaced and was scheduled to have the second replaced, too.  She suffered from osteoarthritis and degenerative disc disease (L3-L4); swelling in her retinas, causing visual problems, *i.e.*, floaters; and walked with a cane, as needed.  Consequently, she was "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

**Facts**

8.    The Care Center is a service establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

9.    On September 16, 2025, Worthington was transporting a patient from the Glenn Medical Center to the Care Center.  Upon arrival, she encountered a narrow ramp leading up to a gate, which needed to be unlatched and pushed open to access the facility's front door.  The ramp was too steep; lacked proper handrails; there was no level landing at the top, bottom, or when it changed directions; and the bottom of the ramp did not have a smooth walking surface, as the cement had broken and started to crumble.  Worthington attempted to push her patient up the steep ramp but slipped on the loose cement and fell on her left side – breaking her hip and elbow.  Broken and bleeding, she made sure her patient's wheelchair was secure, struggled up the ramp to the front door, and rang the doorbell for help.  Multiple times.  Four minutes later, staff from the Care Center answered the door, came out, and brought the patient in.

*Worthington v. Shadowbrook Post Acute LLC*
Plaintiff's Complaint

-3-



10.     Because of her disabilities, Worthington needed a ramp with a stable surface, properly sloped, that has handrails and landings; and, suffice it to say, by failing to provide them, the defendants interfered with, if not outright denied, her full and equal use and enjoyment of facility.

11.     Worthington was also deterred from returning to the Care Center in the future because she knows that it is unusable to the physically disabled (such as herself); and continues to be deterred from using the Care Center because of the future threats of injury created by these barriers.

*Worthington v. Shadowbrook Post Acute LLC*
Plaintiff's Complaint

-4-

12. Defendants knew that the path of travel was inaccessible, violated state and federal law, and interfered with (or denied) access to the physically disabled. Moreover, defendants have the financial resources to remove this barrier from the path of travel and make the Care Center accessible to the physically disabled. To date, however, defendants refuse to do either.

13. At all relevant times, defendants possessed and enjoyed sufficient control and authority to modify the Care Center to remove impediments to access and comply with the 2004 ADAAG, the 1991 ADA Standards, the 2010 ADA Standards, and Title 24 regulations. Defendants have not removed such impediments and have not modified the Care Center to conform with the same.

First Count

**Americans with Disabilities Act of 1990**

Denial of "Full and Equal" Enjoyment and Use

14. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

15. The defendants discriminated against Worthington by denying her "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Care Center during each visit and each incident of deterrence.

Failure to Remove Architectural Barriers in an Existing Facility

16. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." *Id.* § 12181(9).

*Worthington v. Shadowbrook Post Acute LLC*
Plaintiff's Complaint

-5-

17.    When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. *Id*. § 12182(b)(2)(A)(v).

18.    Here, plaintiff alleges that the defendants can easily remove the architectural barriers at the Care Center without much difficulty or expense, and that defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

19.    In the alternative, if it was not "readily achievable" for defendants to remove the Care Center's barriers, then defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

<u>Failure to Design and Construct an Accessible Facility</u>

20.    On information and belief, the Care Center was designed or constructed (or both) after January 26, 1992 – independently triggering access requirements under Title III of the ADA.

21.    The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

22.    Here, the defendants violated the ADA by designing or constructing (or both) the Care Center in a manner that was not readily accessible to the physically disabled public, including Worthington, when it was structurally practical to do so.[1]

---

[1]    Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Worthington v. Shadowbrook Post Acute LLC*
Plaintiff's Complaint

<u>Failure to Make an Altered Facility Accessible</u>

23.    On information and belief, the Care Center was modified after January 26, 1992, independently triggering access requirements under the ADA.

24.    The ADA also requires that facilities altered in a manner that affects (or could affect) their usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the path of travels of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. *Id.*

25.    Here, the defendants altered the Care Center in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Worthington – to the maximum extent feasible.

<u>Failure to Modify Existing Policies and Procedures</u>

26.    The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

27.    Here, the defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Care Center, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

28.    Worthington seeks all relief available under the ADA (*i.e.*, injunctive relief, attorney fees, costs, legal expenses) for these aforementioned violations. 42 U.S.C. § 12205.

*Worthington v. Shadowbrook Post Acute LLC*
Plaintiff's Complaint

Second Count

**Rehabilitation Act of 1973**

29.    The Rehab Act provides that no otherwise qualified individual with a disability shall, solely by reason of her disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.  29 U.S.C. § 794(a).  Generally speaking, the Rehab Act imposes the same obligations and liabilities as the ADA.

30.    Here, the defendants knowingly discriminated against Worthington on the basis of her disability by failing to adequately construct/alter the facility. These acts and omissions resulted in unequal access to the programs, services, and activities for the disabled.

31.    The defendants have thus violated the Rehab Act by excluding plaintiff from participation in, denying her the benefit of, and subjecting her to discrimination under the programs and activities offered by the defendants – solely by reason of her disability.

32.    Because these acts and omissions evince the defendants' deliberate indifference towards her, Worthington seeks damages, injunctive relief, attorney fees, costs, and legal expenses under the Rehab Act.

Third Count

**California Disabled Persons Act**

33.    California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, path of travels, walkways, public buildings and facilities, and other public places.

*Worthington v. Shadowbrook Post Acute LLC*
Plaintiff's Complaint

-8-

34.    California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

35.    Both sections specifically incorporate (by reference) an individual's rights under the ADA.  Civil Code §§ 54(c) and 54.1(d).

36.    Here, defendants discriminated against the physically disabled public, including Worthington, by denying them full and equal access to the Care Center.  Defendants also violated her rights under the ADA, and, therefore, infringed upon or violated (or both) Worthington's rights under the Disabled Persons Act.

37.    For each offense of the Disabled Persons Act, plaintiff seeks actual damages (both general and special damages), statutory minimum damages between one thousand dollars ($1,000) and three times actual damages, and any other remedy available under California Civil Code § 54.3.

38.    She also seeks to enjoin defendants from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and costs incurred under California Civil Code §§ 54.3 and 55.

Fourth Count

<strong>Unruh Civil Rights Act</strong>

39.    California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

40.    California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

*Worthington v. Shadowbrook Post Acute LLC*
Plaintiff's Complaint

41.    California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

42.    Defendants' aforementioned acts and omissions denied the physically disabled public, including Worthington, full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

43.    These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Worthington by violating the Unruh Act.

44.    Plaintiff was damaged by defendants' wrongful conduct; and seeks between the statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>, and the maximum of three times the actual damages actual damages.

45.    She also seeks actual damages, injunctive relief, reasonable attorneys' fees and costs, under California Civil Code § 52(a).

Fifth Count

<b>Denial of Full and Equal Access to Public Facilities</b>

46.    Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

47.    Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

48.    Worthington alleges the Care Center is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Care Center was not exempt under Health and Safety Code § 19956.

49.     Defendants' non-compliance with these requirements at the Care Center aggrieved (or potentially aggrieved) Worthington and other persons with physical disabilities.  Accordingly, she seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

Sixth Count

<strong>Personal Injury – Premises Liability</strong>

50.     The defendants negligently, carelessly, and without due regard or concern for the life and safety of Worthington, owned, maintained, leased, operated, controlled, repaired, supervised, or occupied the Care Center, in such a manner so as to create, cause, allow, contribute to, and assist in the creation of a dangerous and defective condition.

51.     That condition existed upon the premises for a sufficient time for the defendants to have actual or constructive notice (or both) of its existence and for the defendants to correct (or warn plaintiff of its existence), which defendants so negligently (and carelessly) failed to do.

52.     As a direct and legal result of the defective and dangerous condition, and the negligence and carelessness of the defendants regarding its existence, Worthington slipped and fell hard to the ground, resulting in severe injuries and damages.  Specifically, she was injured in her health, strength and activity; sustaining injuries to her body; and, shock and injury to her nervous system and person, all of which injuries have caused (and continue to cause) her great mental, physical and nervous pain and suffering.  These injuries will result in some permanent disability to her.

53.     As a result, Worthington suffered general damages in an amount according to proof and in excess of the general jurisdictional requirements of this court; and has been (and will be) required to obtain the services of physicians and to incur other medical expenses.

**Prayer for Relief**

Wherefore, Worthington prays judgment against defendants for:

1.    Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.    Statutory minimum damages under either Sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

3.    Actual damages, which includes general and special, in an amount that exceeds $100,000.00.

4.    Attorneys' fees, litigation expenses, and costs of suit.

5.    Interest at the legal rate from the date of the filing of this action.

6.    Such further legal and equitable relief as this court may deem proper.

DATED: February 12, 2026          Zink & Lenzi


/s/ JD Zink, Esq.                              /
JD Zink
Attorney for Plaintiff


**REQUEST FOR JURY**

Plaintiff hereby demands trial by jury for all the issues so triable.

DATED: February 12, 2026          Zink & Lenzi


/s/ JD Zink, Esq.                    /
JD Zink
Attorney for Plaintiff

*Worthington v. Shadowbrook Post Acute LLC*
Plaintiff's Complaint

-12-